## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA
## DIVISION 3—ST. PAUL

| | |
|---|---|
| **30 WATT HOLDINGS, LLC, a Minnesota limited liability company,** | |
| **Plaintiff,** | No. 18-cv-03013-JNE-KMM |
| v. | |
| **TECH AND GOODS, INC., a Georgia corporation, and DOES 1 through 10,** | |
| **Defendants.** | |

## DEFENDANT TECH AND GOODS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT FOR LACK OF PERSONAL JURISDICTION AND FOR FAILURE TO STATE A CLAIM

30 Watt Holdings LLC ("30 Watt"), filed a seven-count Complaint contesting that when Tech and Goods, Inc. d/b/a Sipcaddy ("Sipcaddy") sent a cease-and-desist letter to Australian-based Tooletries and informed Amazon that 30 Watt infringes Sipcaddy's registered, United States trademark, Sipcaddy engaged in trademark misuse and tortious interference. Respectfully, 30 Watt's Complaint should be dismissed. This Court does not have personal jurisdiction over Sipcaddy for 30 Watt's claims. Additionally, 30 Watt fails to state a claim as there is no basis in law or fact for its claims against Sipcaddy. There is no affirmative cause of action for trademark misuse. Sipcaddy's actions are privileged under tortious interference law

and 30 Watt's tortious interference claims are barred by the *Noerr-Pennington* doctrine.

## I.   <u>INTRODUCTION</u>

Sipcaddy is the market leader and prominent innovator in suction-cup beverage holders, and has several trademarks for these beverage holders, which have been used in commerce since 2014. 30 Watt sells products that infringe on Sipcaddy's trademarks. Specifically, 30 Watt sells a "Sudski Shower Beer Holder" and a "Sipski Shower Wine Glass Holder" that infringe Sipcaddy's trademarks. 30 Watt filed a complaint against Sipcaddy in this District pre-emptively to secure its forum of choice because its own headquarters are located in Minneapolis, Minnesota. 30 Watt's Complaint should be dismissed pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure because this Court lacks personal jurisdiction over Sipcaddy. Sipcaddy does not have, and has never had, sufficient minimum contacts with Minnesota for a Minnesota court to exercise personal jurisdiction over it. Sipcaddy's only contact with Minnesota relevant to 30 Watt's claims is that counsel Sipcaddy sent 30 Watt a cease-and-desist letter. This does not subject Sipcaddy to personal jurisdiction.

In addition to the lack of personal jurisdiction, 30 Watt's Complaint fails because it does not state a claim and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. 30 Watt's entire Complaint is premised on the fictitious cause of action of trademark misuse. The allegedly tortious conduct on

which 30 Watt hangs its novel theory is a protected assertion of its trademark rights – sending a cease-and-desist letter to sellers of 30 Watt's infringing products. Moreover, it attempts to apply two Minnesota consumer protection statutes using this invented cause of action. These statutes, however, do not address Sipcaddy's actions and are inapplicable.  Instead of respecting Sipcaddy's trademark rights, 30 Watt filed this complaint lacking personal jurisdiction or a viable claim. 30 Watt's Complaint should be dismissed.

## II.   FACTS RELEVANT TO SIPCADDY'S MOTION[1]

Sipcaddy is a Georgia corporation with a principal place of business in Decatur, Georgia. Dkt. 1, at ¶ 3; Declaration of C. LaFavors, at ¶ 4, attached hereto as Exhibit 1.

Sipcaddy owns four United States registered trademarks for "SHOWERBEER," "SHOWER BEER," "SHOWERWINE," and "SHOWER WINE." Dkt. 1, at ¶¶ 21, 22. Sipcaddy has been using its registered marks in commerce since 2014. *Id.* at Exs. F–I. These marks were registered on the Principal Register in August and November 2017. *Id.*

---

[1] Sipcaddy takes its recitation of facts from Plaintiff's Complaint because of the standard used by the Court in evaluating Sipcaddy's motion. Nothing in this memorandum should be construed as an admission of the truth of allegations made in Plaintiff's Complaint.

30 Watt's "SUDSKI" trademark was not registered on the Principal Register until May 2018. *Id.* at Ex. A. 30 Watt's "SIPSKI" has not yet been registered. *Id.* at ¶¶ 15–16.

30 Watt is the junior user and only began using its marks in commerce in 2017. *Id.* at ¶¶ 12, 14. 30 Watt's marks were first used after Sipcaddy's "SHOWERBEER," "SHOWERWINE," and "SHOWER WINE" marks were published on the Principal Register and five days before Sipcaddy's "SHOWER BEER" mark was published on the Principal Register. *Compare id.* at ¶¶ 12, 14, *with id.* at Exs. F–I.

On or about September 22, 2018, Sipcaddy filed two complaints with Amazon regarding 30 Watt's use of Sipcaddy's "SHOWER BEER" federally registered trademark. *Id.* at ¶ 28.

On or about September 24, 2018, Sipcaddy sent Tooletries Pty Ltd d/b/a Journeymandesigns a cease-and-desist letter. *Id.* at ¶ 29. Tooletries is located in Australia. *Id.* at Ex. R.

On September 28, 2018, counsel for Sipcaddy and 30 Watt exchanged correspondence regarding the parties' dispute. *Id.* at ¶¶ 30, 31.

### III.   30 WATT'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(2) BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER SIPCADDY

A motion to dismiss for lack of personal jurisdiction should be granted unless "a plaintiff [makes] a *prima facie* showing that personal jurisdiction exists, which is

4

accomplished by pleading sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *NexGen HBM, Inc. v. ListReports, Inc.*, No. 16-CV-3143, 2017 WL 4040808, at *7 (D. Minn. Sept. 12, 2017) (citing *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591–92 (8th Cir. 2011)). In reviewing a motion to dismiss for lack of personal jurisdiction, the court views the evidence in the light most favorable to the plaintiff and resolves all factual conflicts in its favor in deciding whether the plaintiff made the requisite showing." *Id*. However, the burden is on the plaintiff to show that jurisdiction is present. *Cortec Corp. v. Transilwrap Co. Inc.*, No. 14-cv-3261, 2015 WL 164173, at *1 (D. Minn. Jan. 13, 2015).

In determining whether personal jurisdiction exists over a nonresident defendant, the court must ask: 1) whether the Minnesota long-arm statute is satisfied; and 2) whether the exercise of jurisdiction over the nonresident defendant would violate the Due Process Clause of the Fourteenth Amendment. *Guinness Import Co. v. Mark VII Distribs., Inc.,* 153 F.3d 607, 613–14 (8th Cir. 1998). Minnesota's long-arm statute extends jurisdiction over nonresident defendants to the extent permitted by the Due Process Clause of the United States Constitution. *Guinness Import*, 153 F.3d at 614. The Due Process Clause establishes that a defendant can be subject to either general or specific personal jurisdiction. *Bristol-Myers Squibb Co. v. Sup. Ct. of Cal., San Francisco Cty.,* 137 S. Ct. 1773, 1780 (2017).

**A. 30 Watt Does Not Have General Personal Jurisdiction Over Sipcaddy Because Sipcaddy Is Not A Minnesota Corporation Nor Does It Have A Principal Place Of Business In Minnesota.**

Only a limited set of affiliations with a forum state will subject a defendant to general personal jurisdiction. *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). For a corporation, the paradigm forum for the exercise of general jurisdiction is the corporation's "domicile" or the place in which the corporation is fairly regarded as at "home." *NexGen,* 2017 WL 4040808, at *8; *Cortec Corp.*, 2015 WL 164173, at *2. A corporation's place of incorporation and principal place of business are the main touchpoints for exercising general personal jurisdiction. *NexGen,* 2017 WL 4040808, at *8. For there to be general personal jurisdiction, a defendant must have continuous and systemic contacts with the forum state to render it essentially at home. *Cortec Corp.*, 2015 WL 164173, at *3.

Here, 30 Watt's Complaint does not support general personal jurisdiction over Sipcaddy, nor can it. 30 Watt does not allege that Minnesota is Sipcaddy's domicile, nor does it allege any other facts from which it could be concluded that Sipcaddy is essentially "at home" in Minnesota. Rather, 30 Watt acknowledges that Sipcaddy is a Georgia corporation with its principal place of business in Georgia. Dkt, 1, at ¶ 3. Additionally, Sipcaddy's sole office is located in Georgia. Ex. 1, at ¶ 5. Sipcaddy's products are manufactured in China. *Id.* at ¶ 6. The only United States based component of Sipcaddy's products are the suction cups, which are manufactured by Adams Manufacturing, a Pennsylvania based company. *Id.* Sipcaddy does not have

an office, manufacturing facility, rental property, or any other physical presence of any kind in Minnesota. *Id.* at ¶ 7. Sipcaddy has no employees based in Minnesota. *Id.* at ¶ 8. Sipcaddy generates approximately 1.8% of its annual revenue in Minnesota, primarily through Amazon sales. *Id.* at ¶¶ 9, 10. Sipcaddy does not have continuous and systemic contacts with Minnesota. Accordingly, 30 Watt's Complaint fails establish general personal jurisdiction over Sipcaddy.

### B. 30 Watt Does Not Have Specific Personal Jurisdiction Over Sipcaddy Because The Complained Of Activity Was Not Directed To Minnesota.

Specific jurisdiction requires an affiliation between the forum and the underlying controversy, such as an activity or occurrence that takes place in the forum state. *NexGen*, 2017 WL 4040808, at *9 (citing *Bristol-Myers,* 137 S. Ct. 1773 at 1773); *Cortec Corp.*, 2015 WL 164173, at *4. The contacts to be considered are those between the defendant and the forum, *not* the defendant's contacts with the plaintiff or third parties. *NexGen*, 2017 WL 4040808, at *9 (citing *Walden v. Fiore,* 571 U.S. 277, 284–85 (2014)) (emphasis in original). Moreover, the defendant's suit-related conduct must create a *substantial* connection with the forum state. *Id.* (emphasis added) A plaintiff "cannot be the only link between the defendant and the forum." *Id.* (quoting *Walden*, 571 U.S. at 285). "[T]he mere fact that [defendant's] conduct affected plaintiffs with connections to the forum state does not suffice to authorize jurisdiction." *Walden*, 571 U.S. at 291.

In this case, 30 Watt's allegations of wrongdoing against Sipcaddy are confined to: 1) injuring 30 Watt in Minnesota by filing complaints of infringement with Amazon and sending a cease-and-desist letter to an Australian company; and 2) Sipcaddy's counsel sending a letter to 30 Watt. Dkt 1, at ¶¶ 28–36. Importantly, none of these activities are alleged to have *occurred* in or were directed to Minnesota. All were performed by Sipcaddy in Georgia. To the extent 30 Watt relies on its location in Minnesota and the alleged "effects" of Sipcaddy's conduct on 30 Watt in Minnesota to show that Sipcaddy purposefully availed itself of the privilege of conducting activities in Minnesota, 30 Watt is wrong.

i.   Sipcaddy Did Not Purposefully Avail Itself of the Benefits and Privileges of Conducting Activities in Minnesota.

The path to specific personal jurisdiction is quite narrow—a defendant's conduct must connect it to the forum, not just the plaintiff, in a substantial and meaningful way, and the defendant's relationship with the plaintiff alone cannot serve as the basis for finding specific personal jurisdiction. *NexGen,* 2017 WL 4040808, at *14. *See also Walden,* 571 U.S. at 284–85 (holding that personal jurisdiction cannot be based solely on an injury to a plaintiff in the forum state; rather, the court must focus on the relationship among the defendant, the forum, and the litigation). The mere fact that a plaintiff resides in the relevant forum and thus experiences injury there is not enough to establish specific personal jurisdiction.

*NexGen,* 2017 WL 4040808, at *9 (citing *Johnson v. Arden,* 614 F. 3d 785, 794 (8th Cir. 2010)).

Here, 30 Watt cannot demonstrate that Sipcaddy's conduct and actions were expressly aimed at the State of Minnesota. 30 Watt's jurisdictional allegations run squarely afoul of *Walden*, as 30 Watt points to its own location in Minnesota and the alleged harm it has suffered there to connect Sipcaddy to Minnesota. The activity of Sipcaddy that forms the basis of 30 Watt's Complaint is filing infringement complaints with Amazon (a Washington-based company) and sending demand letters to Tooletries (an Australian-based company). Dkt. 1, at ¶¶ 28, 29. The only connection to Minnesota are 30 Watt's alleged injuries. *Id.* at ¶¶ 34–37. But, this only enforces that 30 Watt itself is the only link between Sipcaddy and the State of Minnesota. Simply put, 30 Watt is alleging precisely what *Walden* forbids – jurisdiction based on nothing more than *30 Watt's* own location in the forum – not any conduct by Sipcaddy that occurred in or that was specifically directed into Minnesota.

Accordingly, 30 Watt fails to meet its burden that Sipcaddy purposefully availed itself of personal jurisdiction in Minnesota under the *Calder* effects test.

ii.   Sending A Cease-And-Desist Letter To The Forum State Does Not Constitute Sufficient Minimum Contacts To Give This Court Personal Jurisdiction Over Sipcaddy.

It is expected 30 Watt will argue that sending it a cease-and-desist letter confers personal jurisdiction. This is wrong.

9

Sipcaddy's act of sending a cease-and-desist letter to 30 Watt, in the absence of any other contacts with Minnesota or 30 Watt, does not constitute sufficient minimum contacts with Minnesota to give this Court personal jurisdiction over Sipcaddy. *Silent Drive, Inc. v. Strong Indus., Inc*., 326 F.3d 1194, 1202 (Fed. Cir. 2003); *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc*., 148 F.3d 1355, 1360 (Fed. Cir. 1998); *Clearpractice, LLC v. Nimble, LLC,* 819 F. Supp. 2d 892 (E.D. Mo. 2011); *Full Circle Int'l, Inc. v. Wettstein*, 2005 WL 174836, *3 (D. Minn. Jan. 26, 2005); MCCARTHY ON TRADEMARKS & UNFAIR COMPETITION, § 32:85 (5th Ed.). The principles of fair play and substantial justice afford an intellectual property owner sufficient latitude to inform others of its intellectual property rights without subjecting itself to jurisdiction in a foreign forum. *Full Circle Int'l, Inc*., 2005 WL 174836, at *3; *Red Wing Shoe Co*, 148 F.3d at 1359–60; *accord Hildebrand v. Steck Mfg. Co.,* 279 F.3d 1351, 1356, (Fed. Cir. 2002) (holding that letters warning of potential infringement to customers of plaintiff did not satisfy due process). For the exercise of personal jurisdiction, there must be "other activities" directed at the forum state and related to the cause of action in addition to cease-and-desist letters or letters threatening an infringement suit. *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1361 (Fed. Cir. 2001).

In this case, 30 Watt has not alleged any activities of Sipcaddy directed at Minnesota or 30 Watt other than one cease-and-desist letter sent by Sipcady's

counsel. Sipcaddy did not engage in any "other activities" in Minnesota that would subject Sipcaddy to personal jurisdiction in Minnesota.

30 Watt's Complaint should be dismissed for lack of personal jurisdiction.

## IV. 30 WATT'S COUNTS TWO THROUGH SEVEN FAIL TO STATE A CLAIM AND SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(6)

If the Court determines it has personal jurisdiction over Sipcaddy, then, respectfully, it should dismiss Counts Two through Seven of 30 Watt's Complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

When deciding a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded allegations as true and draws all reasonable, favorable inferences from them. *Varga v. U.S. Bank Nat'l Ass'n*, 764 F.3d 833, 838 (8th Cir. 2014). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court should grant a Rule 12(b)(6) motion when there is a failure to state a facially plausible claim that "the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### A. Count Two Should Be Dismissed Because 30 Watt's Claim of Trademark Misuse Is Not A Recognized Cause Of Action And 30 Watt Does Not Sufficiently Plead Unfair Competition.

Count Two of 30 Watt's Complaint alleges unfair competition under the Lanham Act for trademark misuse. This claim fails because trademark misuse does

not exist as an affirmative cause of action. Moreover, the facts pleaded by 30 Watt do not rise to a claim for unfair competition. Therefore, Count Two should be dismissed.

i. There Is No Cause of Action for Trademark Misuse.

Initially, there is no affirmative cause of action for trademark misuse; at best it is purely an affirmative defense. *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 459–60 (S.D.N.Y. 2012); *Maui Jim, Inc. v. SmartBuy Guru Enters.*, No 1:16-cv-9788, 2018 WL 509960, at *6 (N.D. Ill. Jan. 23, 2018). Moreover, it is doubtful trademark misuse is even a viable affirmative defense. *Juno Online Servs. v. June Lighting, Inc.*, 979 F. Supp. 684, 679 (N.D. Ill, 1997); *Microsoft Corp. v. Compusource Distribs., Inc.*, 115 F. Supp. 2d 800, 810 (E.D. Mich. 2000). *See also* McCarthy, Schechter, Franklyn, *McCarthy's Desk Encyclopedia of Intellectual Property*, at 382 (2004 3d. Ed.) ("In no final reported case has a court actually refused to enforce a trademark because it was used in violation of antitrust law.")

30 Watt's claims of trademark misuse are similar to those rejected by the court in *Maui Jim.* In that case, the defendant counterclaimed for trademark misuse on the grounds of baseless and bad faith infringement claims related to registered trademarks for the purposes of anticompetitive behavior by the plaintiff. *Maui Jim, Inc*, 2018 WL 509960, at *6. The *Maui Jim* court recognized the repeated failure of other litigants to bring an affirmative trademark misuse claim and rejected it. *Id.* The

Court should follow *Maui Jim* and all of the other courts that have rejected a claim for trademark misuse. Accordingly, Court Two should be dismissed.

      ii.  <u>30 Watt Fails to Plead A Cause Of Action Under Section 43(a)<br>Of The Lanham Act.</u>

Despite trademark misuse being an affirmative defense at best, 30 Watt contends Sipcaddy engaged in unfair competition through trademark misuse under the Lanham Act – specifically 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act). However, 30 Watt fails to sufficiently plead unfair competition under this statute.

Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) provides a cause of action for unfair competition based on false designation of origin or other false representation used in connection with the sale of a product. 15 U.S.C. § 1125(a); *Toro Co. v. R & R Prods. Co.*, 787 F.2d 1208, 1214 (8th Cir. 1986); 5 McCarthy, Trademarks & Unfair Competition, §§ 27.9 (5th Ed.). It does not mention "trademark misuse," nor does it provide liability for a registered trademark holder enforcing its rights. *See* 15 U.S.C. § 1125(a). The Lanham Act does, however, provide that a certificate of registration on the principal register is *prima facie* evidence of the validity of the registered mark and the owner's exclusive right to use the mark in commerce in connection with the goods specified in the certificate. 15 U.S.C. § 1057.

To state a claim for unfair competition under Section 43(a) of the Lanham Act, a plaintiff must allege a protectable mark and likelihood of confusion, deception, or mistake on the part of the consumers. *Toro Co.*, 787 F.2d at 1214; *Fair Isaac Corp. v. Experian Info. Solutions Inc.*, 645 F. Supp. 2d 734, 756 (D. Minn. 2009); *Minn. Specialty Corps, Inc. v. Minn. Wild Hockey Club, LP*, No. 00-2317, 2002 WL 1763999, at *7 (D. Minn. July 26, 2002). Likelihood of confusion is determined by balancing six factors, none of which are dispositive: 1) the strength of the plaintiff's mark; 2) the similarity of the plaintiff's mark and the alleged infringer's mark; 3) the degree of competition between the products; 4) the alleged plaintiff's intent to "pass off" its goods as the trademark owner's; 5) incidents of actual confusion; and, 6) the type of product, its cost, and conditions of purchase. *Luigino's Inc. v. Stouffer Corp.*, 170 F.3d 827, 830 (8th Cir. 1999).

30 Watt contends that Sipcaddy engaged in unfair competition. Dkt 1, at ¶¶ 62–73.[2] Yet, 30 Watt alleges no protectable mark owned by it and infringed by Sipcaddy nor any conduct by Sipcaddy directed to consumers. *Id.* Instead, 30 Watt relies on its trademark misuse theory that is not viable. *See id.* at ¶¶ 66 –68. 30 Watt alleges that Sipcaddy is engaged in anticompetitive and unfair competition because Sipcaddy notified Amazon that 30 Watt infringed its U.S. Trademark Registration

---

[2] It should be noted that 30 Watt alleges that Sipcaddy claims exclusive rights to "shower beer holder." Dkt. 1, at ¶¶ 64, 65. This is false. 30 Watt's own pleading demonstrates that Sipcaddy only claims rights to its U.S. Trademark Registration for "SHOWER BEER." *Id.* at ¶¶ 28, 67.

for "SHOWER BEER" through its sale of the "sudski" product. *See id.* at ¶ 68 & Exs. F, P, Q. Yet, 30 Watt admits it uses Sipcaddy's registered mark. *Id.* at ¶ 65. 30 Watt has to admit this because it does:



30 Watt pleaded no facts as to why Sipcaddy notifying Amazon of 30 Watt's use of Sipcaddy's federally registered trademark would cause a likelihood of confusion between Sipcaddy and 30 Watt in the eyes of consumers. *See id.* at ¶¶ 62– 73. Rather, 30 Watt attempts to recast trademark misuse in the guise of unfair competition. Count Two of 30 Watt's Complaint should be dismissed because it fails to include any facts that 30 Watt has a protectable mark infringed by Sipcaddy, or that consumers will be confused between Sipcaddy and 30 Watt's products.

### B. Count Three, 30 Watt's Common Law Unfair Competition Claim, Fails Because It Is Merely Duplicative Of 30 Watt's Lanham Act Claim.

In Count Three, 30 Watt alleges common law unfair competition against Sipcaddy. This Count should be dismissed because it only restates its failed Lanham Act claim.

Under Minnesota law, "[u]nfair competition is not a tort with specific elements," but rather, "it describes a general category of torts which courts recognize for the protection of commercial interests." *Zimmerman Grp. v. Fairmount Foods of Minn.*, 882 F. Supp. 892, 895 (D. Minn. 1994). However, if the underlying tort is duplicative of another count of the complaint, the claim for unfair competition cannot stand. *Id.*; *Goddard, Inc. v. Henry's Foods, Inc.*, 291 F. Supp. 2d 1021, 1034 (D. Minn.2003) ("Under this doctrine, if we find that the underlying tort is duplicative of another Count of the Complaint, the claim for unfair competition must be dismissed").

In this case, 30 Watt's common law unfair competition claim is duplicative of its Lanham Act claim and even incorporates that count by reference. *Id.* at ¶ 74. 30 Watt's common law unfair competition does not add anything new to the remainder of its Complaint, and Count Three should therefore be dismissed.

### C. Count Four, 30 Watt's Minnesota Unlawful Trade Practices Act Claim, Fails Because Sipcaddy's Alleged Actions Are Not Recognized as Wrongful.

Count Four of 30 Watt's Complaint alleges violations of the Minnesota Unlawful Trade Practices Act ("MUTPA") again on the grounds that Sipcaddy's reporting to Amazon of 30 Watt's infringement of Sipcaddy's "SHOWER BEER" registered trademark is a misuse of Sipcaddy's trademark rights. Dkt. 1, at ¶¶ 78, 79, 82. 30 Watt contends that Sipcaddy violated both Sections 12 and 13 of the statute through this allegedly unlawful activity. 30 Watt's allegation of unlawful behavior by Sipcaddy fails to support its claim under MUPTA. Count Four should be dismissed.

Claims under MUTPA require the pleading to conform to Rule 9(b) of the Federal Rules of Civil Procedure. *Lucky v. Alside, Inc.*, 245 F. Supp. 3d 1080, 1096 (D. Minn. 2017). A claim under MUTPA must plead a defendant made false statements of fact about its or plaintiff's products in an advertisement and consumers were deceived by the statements. *Fargo Elec., Inc. v. Iris Ltd., Inc.*, No 04-1017, 2005 WL 1431653, at *3 (D. Minn. March 8, 2005).

### i. 30 Watt Fails to Allege Facts Giving Rise to a Violation of § 12 of MUPTA.

Section 12 of the MUTPA prevents retail sellers from 1) misusing the terms manufacturer, wholesaler, or broker; and 2) making misrepresentations as to price. MINN. STAT. § 325D.12; *Kling v. Gem Shopping Network, Inc.*, No. 12-cv-2392,

2014 WL 7409580, at *2 (D. Minn. Dec. 31, 2014). Here, there are no allegations anywhere in 30 Watt's Complaint that Sipcaddy misused the terms "manufacturer," "wholesaler," or "broker," nor are there any allegations that Sipcaddy misrepresented the price of any of its goods. The allegation that Sipcaddy violated MUTPA § 12 is frivolous and should be dismissed.

      ii.  <u>30 Watt Fails to Allege Facts Giving Rise to a Violation of § 13 of MUPTA.</u>

Section 13 of MUTPA prevents misrepresentation regarding the quality, ingredients, or origin of merchandise. MINN. STAT. § 325D.13. In order sustain a claim under MUTPA, a plaintiff must allege it relied on the alleged misrepresentation of the defendant. *Grp. Health Plan, Inc. v. Philip Morris Inc.*, 621 N.W.2d 2, 13 (Minn. 2001). Claims that a plaintiff was harmed because third-party consumers relied on a defendant's misrepresentations are not viable under MUTPA. *See Aviva Sports, Inc. v. Fingerhut Direct Mktg., Inc.*, No. 09-1091, 2010 WL 4193076, at *7, n.5 (D. Minn. Oct. 7, 2010) (questioning the viability of such an action based on Minnesota Supreme Court precedent).

30 Watt makes no allegations as to Sipcaddy making any misrepresentation regarding the quality, ingredients, or origin of either party's products. 30 Watt only alleges that Sipcaddy sent notices of Sipcaddy's rights in its federal trademark registration for "SHOWER BEER." This does not violate Section 13 of MUPTA.

30 Watt wholly fails to plead any wrongdoing by Sipcaddy that violates the Minnesota Unlawful Trade Practices Act. Count Four should be dismissed.

### D. Count Five, 30 Watt's Minnesota Deceptive Trade Practices Act Claim, Fails Because Sipcaddy's Alleged Actions Are Not Recognized as Wrongful.

Similar to Count Four, Count Five of 30 Watt's Complaint alleges violation of the Minnesota Deceptive Trade Practices Act ("MDTPA") because Sipcaddy reported 30 Watt's infringement of Sipcaddy's "SHOWER BEER" registered trademark to Amazon claiming this is a misuse of Sipcaddy's trademark rights. Dkt. 1, at ¶ 86. 30 Watt's allegation of unlawful behavior by Sipcaddy fails to support its claims under the statute. Count Five should be dismissed.

Like claims under MUTPA, MDTPA requires the pleading to conform to Rule 9(b) of the Federal Rules of Civil Procedure. *Lucky*, 245 F. Supp. 3d at 1096. Similar to MUTPA, a MDTPA plaintiff must plead a defendant made false statements of fact about its or plaintiff's products in an advertisement and consumers were deceived by the statements. *Fargo Elec., Inc.*, 2005 WL 1431653, at *3.

The deceptive trade practices providing liability under the MDTPA all relate to causing consumer confusion or misunderstanding. MINN. STAT. § 325D.44, *et seq*; *Fitger's On-the-Lake, LLC v. Fitger Co., LLC*, No. 07-CV-4687, 2007 WL 4531502, at *5 (D. Minn. Dec. 19, 2007); *Masterson Personnel, Inc. v. The McClatchy Co.*, No. 05-1274, 2005 WL 3132349, at *6 (D. Minn. Nov. 22, 2005).

30 Watt alleges liability under MDTPA solely based on Sipcaddy privately reporting to Amazon 30 Watt's infringement of Sipcaddy's "SHOWER BEER" registered trademark. There is no explanation as to how this report was relayed to consumers or causes consumer confusion. 30 Watt alleges that Sipcaddy's action is a "misuse of [Sipcaddy's] intellectual property to attack competitive goods and stifle competition." *Id.* at ¶ 86. Yet, this activity is not covered by MDTPA. Again, the sole allegation is that Sipcaddy reported 30 Watt's infringement of Sipcaddy's "SHOWER BEER" registered trademark to non-consumer Amazon. The allegation that Sipcaddy violated MDTPA is frivolous.

Furthermore, 30 Watt's MDTPA claim is nothing more than a rehashing of 30 Watt's failed Lanham Act count. It merely incorporates and relies on prior paragraphs for its allegations in this Count without alleging which subsection of the MDTPA Sipcaddy alleged ran afoul. *Id.* at ¶¶ 85–88. 30 Watt's MDTPA claim is therefore insufficient as a matter of law and Count Five should be dismissed for this additional reason. *Honeywell Int'l Inc. v. ICM Controls Corp.*, No. 11cv569, 2017 WL 1012957, at *2 (D. Minn. March 14, 2017).

30 Watt fails to allege a violation of the Minnesota Deceptive Trade Practices Act. Count Five of 30 Watt's Complaint should be dismissed.

**E. In Count Six, 30 Watt Does Not State A Claim For Tortious Interference With Prospective Business Relations Because i) The Complained Of Activity Is Protected, and ii) The *Noerr-Pennington* Doctrine Bars 30 Watt's Claims.**

In Count Six, 30 Watt alleges Sipcaddy tortiously interfered with 30 Watt's prospective business relations. 30 Watt alleges that Sipcaddy reporting 30 Watt's use of Sipcaddy's U.S. Trademark Registration for "SHOWER BEER" through its sale of the "sudski" product to third-party, non-consumer Amazon resulted in unlawful interference with 30 Watt's prospective business relations with Amazon. Dkt. 1, at ¶ 91. 30 Watt further alleges that Sipcaddy sending a cease-and-desist letter to third-party Tooletries regarding Tooletries' use of Sipcaddy's U.S. Trademark Registrations interfered with 30 Watt's prospective business relations with Tooletries. *Id.* at ¶ 92. But, 30 Watt does not state a claim for tortious interference because i.) the complained of activity is protected, and ii.) the *Noerr-Pennington* doctrine bars 30 Watt's claims.

Tortious interference with prospective business relations requires the defendant's actions to be unjustified. As a result, there is no liability for tortious interference for providing truthful information. *Fox Sports Net N., LLC v. Minn. Twins P'ship*, 319 F.3d 329, 337–38 (8th Cir. 2003). Moreover, there can be no action for tortious interference when the defendant has a legitimate economic interest and does not employ improper means of protecting that interest such as threats, violence, defamation, or fraud. *Select Comfort Corp. v. Sleep Better Store,*

*LLC*, 838 F. Supp. 2d 889, 893 (D. Minn. 2012); *Harman v. Heartland Food Co.*, 614 N.W.2d 236, 241 (Minn. Ct. App. 2000). The protection of trademark rights is a legally protectable interest. *Select Comfort Corp.*, 838 F. Supp. 2d at 893. Sending a cease-and-desist letter to protect trademark rights does not give rise to a tortious interference claim. *Id*. at 895.

       i.  <u>Sipcaddy's Actions Are Privileged And Cannot Form The Basis For A Tortious Interference With Prospective Business Relations Claim.</u>

*Select Comfort Corp.* demonstrates that 30 Watt's tortious interference with prospective business relations claim fails. The counter-plaintiff in *Select Comfort Corp.* argued that the counter-defendant tortiously interfered with the counter-plaintiff by sending a cease and desist letter to a reseller of counter-plaintiff's products because the product name infringed the counter-defendant's trademark. *Select Comfort Corp.*, 838 F. Supp. 2d at 893. The counter-plaintiff argued that its use of counter-defendant's mark was not infringement because the phrase was descriptive. *Id.* The *Select Comfort Corp.* court rejected these arguments because sending a demand letter to protect a registered trademark is not improper or an action made in bad faith. *Id.* at 894–95. As noted by the *Select Comfort Corp.* court, "[i]t has long been established that the owner of an intellectual property right 'may notify infringers of his claims, and warn them that, unless they desist, suits will be brought to protect him in his legal rights.'" *Id.* at 895 (citing *Virtue v. Creamery Package Mfg. Co.*, 179 F. 115, 120 (8th Cir. 1910)).

Much like the counter-plaintiff in *Select Comfort Corp.*, 30 Watt only alleges that Sipcaddy tortiously interfered with it by enforcing its federally-registered trademark rights. Dkt. 1, at ¶¶ 91, 92. Also like the plaintiff in *Select Comfort Corp.*, 30 Watt argues that Sipcaddy's mark is merely descriptive making Sipcaddy's protection of its trademark rights undertaken in bad faith. *Id.* at ¶¶ 51–57. These arguments failed for the counter-plaintiff in *Select Comfort Corp.* and they fail for 30 Watt. Count Six should be dismissed because Sipcaddy did nothing improper.

    ii. <u>30 Watt's Tortious Interference With Prospective Business Relations Claim Is Barred By The *Noerr-Pennington* doctrine.</u>

30 Watt's tortious interference with prospective business relations claim also fails under the *Noerr-Pennington* doctrine. This doctrine immunizes pre-suit demand letters to enforce intellectual property rights. *Select Comfort Corp.*, 838 F. Supp. 2d at 900.

30 Watt contends that Sipcaddy sending a cease-and-desist letter to Tooletries and a report of trademark infringement to Amazon is wrongful conduct subjecting Sipcaddy to liability for tortious interference. Yet, Sipcaddy sued 30 Watt and Tooletries for the conduct it complained of in the Tooletries demand letter. *See Tech and Goods, Inc. v. 30 Watt Holdings & Tooletries*, No. 2:18-cv-13516 (E.D. Mich.).

30 Watt's sole allegations supporting its claim for tortious interference with prospective business relations are the sending of pre-suit letters alleging 30 Watt's infringement of Sipcaddy's registered trademarks. Sending pre-suit letters for

intellectual property right violations is protected by the *Noerr-Pennington* doctrine.

Count Six should be dismissed.

> **F. In Count Seven, 30 Watt Does Not State A Claim For Tortious Interference With Contract Because i) The Complained Of Activity Is Protected, And ii) The *Noerr-Pennington* Doctrine Bars 30 Watt's Claims.**

In Count Seven, 30 Watt alleges Sipcaddy tortiously interfered with 30 Watt's contractual relations for the same conduct supporting its deficient tortious interference with prospective business relations claim. Dkt. 1, at ¶ 98. 30 Watt does not state a claim for tortious interference with contract because i.) the complained of activity is protected, and ii.) the *Noerr-Pennington* doctrine bars 30 Watt's claims.

Tortious interference with contract also requires the defendant's actions to be unjustified. *Harman*, 614 N.W.2d at 241. As a result, there is no liability for providing truthful information. *Fox Sports Net N., LLC*, 319 F.3d at 337–38. Moreover, there can be no action for tortious interference when the defendant has a legitimate economic interest and does not employ improper means of protecting that interest such as threats, violence, defamation, or fraud. *Select Comfort Corp.*, 838 F. Supp. 2d at 893; *Harman*, 614 N.W.2d at 241. The protection of trademark rights is a legally protectable interest. *Select Comfort Corp.*, 838 F. Supp. 2d at 893. Sending a cease-and-desist letter to protect trademark rights does not give rise to a tortious interference claim. *Id*. at 895.

i.  Sipcaddy's Actions Are Protected And Cannot Form The Basis
For A Tortious Interference With Contract Claim.

*Select Comfort Corp.* demonstrates that 30 Watt's tortious interference claim

fails. The counter-plaintiff in *Select Comfort Corp.* argued that the counter-

defendant tortiously interfered with the counter-plaintiff by sending a cease and

desist letter to a reseller of counter-plaintiff's products because the product name

infringed the counter-defendant's trademark. *Select Comfort Corp.*, 838 F. Supp. 2d

at 893. The counter-plaintiff argued that its use of counter-defendant's mark was not

infringement because the phrase was descriptive. *Id.* The *Select Comfort Corp.* court

rejected these arguments because sending a demand letter to protect a registered

trademark is not improper or an action made in bad faith. *Id.* at 894–95. As noted by

the *Select Comfort Corp.* court, "[i]t has long been established that the owner of an

intellectual property right 'may notify infringers of his claims, and warn them that,

unless they desist, suits will be brought to protect him in his legal rights.'" *Id.* at 895

(citing *Virtue v. Creamery Package Mfg. Co.*, 179 F. 115, 120 (8th Cir. 1910)).

Much like the counter-plaintiff in *Select Comfort Corp.*, 30 Watt only alleges

that Sipcaddy tortiously interfered with it by enforcing its federally registered

trademark rights. Dkt. 1, at ¶ 98. Also like the plaintiff in *Select Comfort Corp.*, 30

Watt argues that Sipcaddy's mark is merely descriptive making Sipcaddy's

protection of its trademark rights undertaken in bad faith. Dkt. 1, at ¶¶ 51–57. These

arguments failed for the counter-plaintiff in *Select Comfort Corp.* and they fail for 30 Watt. Count Seven should be dismissed.

> ii. 30 Watt's Tortious Interference With Contract Claim Is Barred By The *Noerr-Pennington* doctrine.

30 Watt's tortious interference with contract claim also fails under the *Noerr-Pennington* doctrine. This doctrine immunizes pre-suit demand letters to enforce intellectual property rights. *Select Comfort Corp.*, 838 F. Supp. 2d at 900.

30 Watt contends that Sipcaddy sending a cease-and-desist letter to Tooletries and a report of trademark infringement to Amazon is wrongful conduct subjecting Sipcaddy to liability for tortious interference with contract. Yet, Sipcaddy sued 30 Watt and Tooletries for the conduct it complained of in the Tooletries demand letter. *See Tech and Goods, Inc. v. 30 Watt Holdings & Tooletries*, No. 2:18-cv-13516 (E.D. Mich.).

30 Watt's sole allegations supporting its claim for tortious interference with contract are the sending of pre-suit letters alleging 30 Watt's infringement of Sipcaddy's registered trademarks. Sending pre-suit letters for intellectual property right violations is protected by the *Noerr-Pennington* doctrine. Count Seven should be dismissed.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, this Court should enter an order dismissing this action for lack of personal jurisdiction over Defendant Tech And Goods, Inc., or dismiss Counts Two through Seven for failure to state a claim.

Dated: December 3, 2018                    Respectfully submitted,

/s/ Joseph W. Barber

Steven L. Reitenour (#225691)
BOWMAN AND BROOKE LLP
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
(612) 339-8682
steven.reitenour@bowmanandbrooke.com

Joseph W. Barber
HOWARD & HOWARD ATTORNEYS
450 W. Fourth Street
Royal Oak, MI 48067
(248) 723-0456
jwb@h2law.com
*admitted pro hac vice*

*Counsel for Defendant Tech and Goods, Inc.*

## CERTIFICATE OF COMPLIANCE WITH LR 7.1(f)

The undersigned certifies that this memorandum contains 6069 words set in 14-point Times New Roman proportional font, excluding the caption, signature block and this certification of compliance. The word count was calculated using Microsoft Word 2016 and included all text, footnotes, and quotations.

/s/ Joseph W. Barber

## CERTIFICATE OF SERVICE

I, Joseph W. Barber, certify that on December 3, 2018, I electronically filed the foregoing Defendant Tech Goods, Inc.'s Memorandum in Support of its Motion to Dismiss Plaintiff's Complaint using the ECF system, which will send notification of that filing to counsel of record in this matter.

/s/ Joseph W. Barber