UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

30 Watt Holdings, Inc.,

    Plaintiff,

v.

Tech and Goods, Inc.,
and Does 1 through 10,

    Defendants.

Case No. 18-cv-03013 (JNE/KMM)
ORDER

This matter is before the Court on Defendant Tech and Goods, Inc.'s ("Sipcaddy") Motion to Dismiss Plaintiff 30 Watt Holdings, Inc.'s ("30 Watt") Complaint. 30 Watt filed a Complaint against Sipcaddy and Does 1 through 10 seeking declaratory relief and claiming that Defendants violated various state and federal laws concerning unfair competition, unlawful and deceptive trade practices, and tortious interference with business relations and contracts. In its Motion to Dismiss, Sipcaddy argues that 30 Watt's Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(2) because the Court lacks personal jurisdiction over Sipcaddy, and alternatively, that 30 Watt fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). Because 30 Watt has not made a prima facie showing that the Court's exercise of personal jurisdiction over Sipcaddy comports with due process, the Court grants Sipcaddy's Motion to Dismiss. *See* Fed. R. Civ. P. 12(b)(2).

BACKGROUND

According to its Complaint, 30 Watt is a Minnesota corporation with a principal place of business in Minneapolis. 30 Watt sells the "Sudski," a product used to hold beer

1

bottles and cans in the shower or bath, and the "Sipski," a product used to hold wine in the shower or bath. 30 Watt alleges it has invested "significant time, money and effort in developing and promoting its Sipski and Sudski products (collectively the 'Ski products') and marks (collectively the 'Ski Marks') for bath accessory cup holders." Compl. ¶ 18, ECF No. 1. For example, 30 Watt registered the "Sudski" mark with the United States Patent and Trademark Office ("USPTO") and has applied for registration of the "Sipski" mark with the USPTO. 30 Watt has also purchased licenses for the "suction elements" for the Ski products from Tooletries Pty. Ltd. ("Tooletries"), a company that performs manufacturing services for 30 Watt.

Sipcaddy is a Georgia corporation, with a principal place of business in Decatur, Georgia. Like 30 Watt, Sipcaddy sells suction-cup beverage holders. Sipcaddy's product is called the "Sipcaddy." Sipcaddy has registered several marks with the USPTO relating to its Sipcaddy products, including the marks "SHOWER BEER," "SHOWERBEER," "SHOWER WINE," and "SHOWERWINE." Sipcaddy also owns two design patents relating to the Sipcaddy product.

This dispute arises out of actions that Sipcaddy took to enforce its intellectual property rights relating to the Sipcaddy product. First, on or around September 22, 2018, Sipcaddy filed two complaints with Amazon.com, Inc., ("Amazon") demanding that it cease sales of 30 Watt's Sudski products on the grounds that the Sudski products infringed Sipcaddy's "SHOWER BEER" mark. Consequently, Amazon removed 30 Watt's Sudski product from its online marketplace. Next, on or around September 24, 2018, Sipcaddy contacted 30 Watt's manufacturer, Tooletries, to inform it that sales of 30

2

Watt's Sudski and Sipski products may infringe Sipcaddy's trademarks and design patents. Additionally, after filing the Complaint now before the Court, 30 Watt learned that Sipcaddy also contacted Urban Outfitters Inc., one of 30 Watt's retail customers, on September 19, 2018, alleging that sales of the Sudski and Sipski products infringed Sipcaddy's trademarks and design patents. *See* Walther Decl. ¶ 19, Ex. D, ECF No. 19.

30 Watt wrote to Sipcaddy on or around September 26, 2018 to inform Sipcaddy that it believed the Ski products were non-infringing and that Sipcaddy's contacts with Amazon and Tooletries constituted trademark and patent misuse. On or around September 28, 2018, Sipcaddy informed 30 Watt's counsel that it believed the "Sipski" mark to be confusingly similar to defendant's "Sipcaddy" mark and that Sipcaddy would file a petition for cancellation of the "Sipski" mark with the Trademark Trial and Appeal Board ("TTAB"). Sipcaddy thereafter declined to withdraw its Amazon complaints against 30 Watt. On or around October 3, 2018 Sipcaddy filed two more Amazon complaints, causing Amazon to remove 30 Watt's Sudski products, some of which had been reinstated on the Amazon marketplace following Sipcaddy's previous round of complaints.

On October 10, 2018, in response to having its products delisted on Amazon, 30 Watt petitioned the TTAB to cancel the "SHOWER BEER," "SHOWERBEER," "SHOWER WINE," and "SHOWERWINE" marks. 30 Watt contends that those marks are "descriptive, generic, merely ornamental and/or informational" and that Sipcaddy thus "knowingly had no exclusive rights to use the marks." Compl. ¶ 23.

On October 25, 2018, 30 Watt filed its Complaint in this Court. On November 12, 2018, Sipcaddy filed a Complaint against 30 Watt and Tooletries in the Eastern District of Michigan for trademark infringement and unfair competition. *See* Walther Decl., Ex. F. The matter is now before the Court on Sipcaddy's Motion to Dismiss 30 Watt's Complaint filed in the District of Minnesota. The Court grants Sipcaddy's motion because the Court lacks personal jurisdiction over Sipcaddy.

## APPLICABLE LAW AND LEGAL STANDARD

Because the underlying controversy primarily relates to trademark law, and not patent law, the Court applies the law of the Eighth Circuit Court of Appeals.[1] 28 U.S.C. § 1331. The Court nevertheless considers Federal Circuit case law persuasive as to the standard for establishing personal jurisdiction in declaratory judgment actions concerning intellectual property rights. *Cf. HSK, LLC v. United States Olympic Comm.*, 248 F. Supp. 3d 938, 944 n.2 (D. Minn. 2017) (collecting cases and noting that "the Court considers Federal Circuit authority persuasive as to the standard for establishing [subject matter] jurisdiction in a declaratory judgment lawsuit over trademark rights"); *Holtan Holdings, Inc. v. Am. Pie Pizza & Salads, Inc.*, Civ. No. 10-2972, 2010 WL 4237428, at *3 n.4 (D. Minn. Oct. 21, 2010) ("Although the Federal Circuit cases announcing this rule

---

[1] Although Federal Circuit law governs personal jurisdiction in patent cases, *see Akro Corp. v. Luker*, 45 F.3d 1541, 1543 (Fed. Cir. 1995), trademark issues, and not patent issues, are at the heart of this dispute. Notably, alleged violations of Sipcaddy's "shower beer" trademark (serial number 87387190) were the basis for Sipcaddy's Amazon complaints that caused Amazon to delist some of 30 Watt's Sudski products. *See* Compl. Exs. P, Q, S (notice of Amazon Complaints sent to 30 Watt). Moreover, although Sipcaddy stated that 30 Watt's Sipski products infringed its design patents in the September 28, 2018 cease-and-desist letter to 30 Watt's counsel, *see* Walther Decl., Ex. C, Sipcaddy has not brought any patent claims in this Court or in the co-pending action in the Eastern District of Michigan, *see* Walther Decl., Ex. F.

concerned patent infringement rather than trademark infringement, their analysis applies with equal force. Cease-and-desist letters in the patent context serve the same function as in the trademark context, and their implications for personal jurisdiction are thus identical."). In their briefs the parties cite both to Federal Circuit and Eighth Circuit law.

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must plead "sufficient facts to support a reasonable inference that the defendant[ ] can be subjected to jurisdiction within the state." *K-V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 591-92 (8th Cir. 2011) (alteration in original) (internal quotation marks omitted). The plaintiff bears the burden to show that jurisdiction exists. *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014). The Court "must view the evidence in the light most favorable to the plaintiff and resolve all factual conflicts in its favor in deciding whether the plaintiff made the requisite showing." *K-V Pharm. Co.*, 648 F.3d at 592.

The court must determine whether the exercise of personal jurisdiction over the defendant complies with the state long-arm statute and, if so, whether it comports with due process. *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 561 (8th Cir. 2003). "Because Minnesota's long-arm statute is coextensive with constitutional limits, we need only determine whether the assertion of jurisdiction over this defendant offends due process." *Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006).

Due process requires that a non-resident have minimum contacts with the forum state such that the maintenance of the lawsuit does not offend traditional notions of fair play and substantial justice. *World–Wide Volkswagen v. Woodson,* 444 U.S. 286, 291-92,

(1980); *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945). A defendant's contacts with the forum state must be sufficient so that a non-resident defendant "should reasonably anticipate being haled into court there." *World–Wide Volkswagen,* 444 U.S. at 297. Sufficient minimum contacts "require[] some act by which the defendant purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 880 (2011) (internal quotation marks and citation omitted).

The Eighth Circuit has "established a five-factor test to determine the sufficiency of a non-resident defendant's contacts with the forum state." *Fastpath*, 760 F.3d at 821 (8th Cir. 2014). Those factors are: "1) the nature and quality of contacts with the forum state; 2) the quantity of the contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties." *Id.* (internal citation omitted). "The first three factors are primary factors, and the remaining two factors are secondary factors." *Johnson v. Arden*, 614 F.3d 785, 794 (8th Cir. 2010).

## DISCUSSION

1. The Primary Factors: The Nature, Quality, and Quantity of Sipcaddy's Contacts with Minnesota and the Relation Between the Contacts and the Causes of Action

    a. Sipcaddy's Alleged Contacts with Minnesota

30 Watt alleges that Sipcaddy has the following contacts with Minnesota. Sipcaddy's lawyer sent a cease-and-desist letter to 30 Watt.[2] Moreover, Sipcaddy generates approximately 1.8% of its revenue in Minnesota, *see* Def.'s Mem. Supp. Mot. Dismiss 7, ECF No. 15, and Sipcaddy operates a website through which customers in Minnesota can purchase Sipcaddy products, *see* Walther Decl. ¶ 26.

30 Watt also alleges that some of Sipcaddy's contacts with third parties located outside of Minnesota are jurisdictionally relevant to this case. Those alleged contacts consist of the following activities: Sipcaddy filed multiple complaints with Amazon regarding 30 Watt's Sudski products. Sipcaddy also sent cease-and-desist letters regarding the Sudski and Sipski products to Urban Outfitters and Tooletries. The Court analyzes the relevance and significance of each of these contacts below.

  b. The Relationship between the Cause of Action to the Contacts

The third factor of the minimum contacts test distinguishes specific jurisdiction from general jurisdiction by assessing the relationship between plaintiff's cause of action to defendant's contacts with the forum. *See Arden*, 614 F.3d at 794.

Although it is not clear from 30 Watt's Complaint whether 30 Watt alleges general or specific jurisdiction, the record does not support the exercise of general jurisdiction

---

[2] Sipcaddy contacted 30 Watt's lawyers in California on September 28, 2018. Walther Decl., Ex. C. In the communication dated September 28, 2018, Sipcaddy's lawyers refer to a letter dated September 19, 2018 that Sipcaddy supposedly mailed to 30 Watt in Minnesota. *Id.* 30 Watt denies receiving a letter from Sipcaddy dated September 19, 2018 until it was sent as an attachment to a September 28, 2018 communication. In any event, for purposes of establishing jurisdiction, the Court considers Sipcaddy to have sent 30 Watt a cease-and-desist letter in Minnesota.

over Sipcaddy in Minnesota. General personal jurisdiction is warranted when a corporation's "affiliations with the State are so continuous and systematic as to render it essentially at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (internal quotation omitted). Here, Sipcaddy is a Georgia corporation with a principal place of business in Georgia. Although Sipcaddy generates approximately 1.8% of its annual revenues in Minnesota, 30 Watt has not alleged that Sipcaddy has an office, manufacturing facility, or rental property in Minnesota, or that any of its employees are based in Minnesota. And even if Sipcaddy maintains a continuous internet presence in Minnesota, 30 Watt has not alleged that Sipcaddy's internet contacts are "substantial." *See Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 712 (8th Cir. 2003).

The record thus indicates that Sipcaddy could only be subject to specific jurisdiction in Minnesota. Specific jurisdiction "depends on an 'affiliation between the forum and the underlying controversy,' principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (internal citation omitted). The core issue giving rise to 30 Watt's declaratory judgment claim is whether 30 Watt's use of the terms "shower beer" and "shower wine," and products bearing the "Sipski" and "Sudski" marks, infringe Sipcaddy's trademarks. 30 Watt's other causes of action address Sipcaddy's attempts to enforce its intellectual property rights against 30 Watt. Sipcaddy's sales and marketing of non-infringing products in Minnesota are, at most, peripheral to those questions, making them irrelevant to the Court's specific

jurisdiction analysis.[3] In contrast, Sipcaddy's causes of action arise from the cease-and-desist letter that it sent to 30 Watt in Minnesota, along with Sipcaddy's third-party enforcement activities. The Court next analyzes the significance of those relevant contacts.

      c.  Cease-and-Desist Letter Sent from Sipcaddy to 30 Watt

Sipcaddy argues that sending cease-and-desist letters is insufficient to establish personal jurisdiction. In support, Sipcaddy notes that the Federal Circuit has repeatedly held that cease-and-desist letters alone are not sufficient to confer personal jurisdiction in declaratory judgment actions involving patent rights. *Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998); *Full Circle Int'l, Inc. v. Wettstein*, No. CIV.04-2710, 2005 WL 174836, at *3 (D. Minn. Jan. 26, 2005) (applying *Red Wing Shoe*); *see also Holtan Holdings,* Civ. No. 10-2972, 2010 WL 4237428, at *3 (D. Minn. Oct. 21, 2010) (applying same rule in declaratory judgment action regarding trademark infringement). The Federal Circuit has reasoned that "[p]rinciples of fair play and substantial justice afford a patentee sufficient latitude to inform others of its patent rights without subjecting itself to jurisdiction in a foreign forum." *Red Wing*, 148 F.3d

---

[3] For purposes of establishing specific jurisdiction in a declaratory judgment case involving patent infringement, the Federal Circuit has defined the "relevant inquiry" as the extent the defendant has purposefully directed "enforcement activities at residents of the forum . . . ." *See Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 789 (Fed. Cir. 2011); *accord Era Marine Prod., Inc. v. Jet Dock Sys., Inc.*, No. CIV. NO. 09-3050, 2010 WL 3893683, at *8 (D. Minn. Sept. 30, 2010) (citing *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008) ("In a patent case where the plaintiff is not the patentee but rather a party seeking a declaration that its products do not infringe an existing patent, specific personal jurisdiction is examined by looking solely at the patentee's enforcement activities.").

1360-61. The Court agrees that something more than a cease-and-desist letter sent into the forum is required here.

The Federal Circuit has further reasoned that "[f]or the exercise of personal jurisdiction to comport with fair play and substantial justice, there must be 'other activities' directed at the forum *and related to the cause of action* besides the letters threatening an infringement suit." *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1333 (Fed. Cir. 2008) (emphasis in original) (internal citation omitted). "Examples of these 'other activities' include initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Avocent*, 552 F.3d at 1334 (internal citations omitted). 30 Watt alleges that Sipcaddy's "multiple demand letters and misuse of Amazon's dispute procedures to abort Plaintiff's sales in Minnesota, coupled with Defendant's own sales and communications to this state, constitute 'other activities' directed at this forum and related to this cause of action." Pl.'s Resp. 8, ECF No. 18.

These allegations do not constitute "other activities" that could support personal jurisdiction over Sipcaddy. First, as explained above, Sipcaddy's sales and marketing efforts in Minnesota are not related to 30 Watt's declaratory judgment claim. Second, the record indicates that Sipcaddy's supposed "misuse of Amazon's dispute procedures" and cease-and-desist letters to Tooletries and Urban Outfitters were not directed at Minnesota: Sipcaddy directed complaints to Amazon in Seattle, Washington, and sent cease-and-desist letters to Urban Outfitters in Philadelphia, Pennsylvania and to

10

Tooletries in Australia. Under Federal Circuit precedent, activities directed to third parties located outside the forum are not jurisdictionally relevant. *See, e.g., Radio Sys. Corp. v. Accession, Inc.*, 638 F.3d 785, 792 (Fed. Cir. 2011) (holding in declaratory judgment action that defendant's counsel's interactions with the USPTO in Virginia do not give rise to personal jurisdiction in Tennessee). Although the Eighth Circuit has not confronted this exact issue, one court in this district adopted the Federal Circuit's approach for declaratory judgment actions involving intellectual property rights. *See Envtl. Graphics, LLC v. Med. Murals, LLC*, No. CIV. 13-166, 2013 WL 3338779, at *4 n.3 (D. Minn. July 2, 2013). The court explained that "[f]or purposes of the specific jurisdiction analysis, considering only those third-party enforcement efforts that occur in the forum state ensures that the defendant purposefully directed those efforts at the forum state."[4] *Id.* Finding this approach persuasive, the Court does not view Sipcaddy's enforcement efforts as "other activities" that might confer jurisdiction in connection with a cease-and-desist letter sent into the forum.[5]

---

[4] The significance of whether the third party is located inside or outside the forum is underscored by *Campbell Pet Co. v. Miale*, 542 F.3d 879, 887 (Fed. Cir. 2008), upon which 30 Watts relies. In *Campbell*, the Federal Circuit affirmed the district court's exercise of specific jurisdiction over a defendant who sent demand letters to a plaintiff and enlisted a third party to interfere with the plaintiff's business at a trade show *within the forum*. *Id.* at 886-87. But here, unlike in *Campbell*, Sipcaddy's third-party enforcement activities were not directed into the forum. The present case is more like *Radio Systems* and *Avocent*, where enforcement activities directed outside the forum did not support personal jurisdiction. *See* 638 F.3d at 791-92; 552 F.3d at 1334 n.3 (distinguishing a letter sent to a third party outside the forum from the in-forum contacts in *Campbell*).

[5] 30 Watt's reliance on other Federal Circuit cases involving sufficient "other activities" is unavailing. The defendants in those cases had granted exclusive licenses to entities inside the forum or had other substantial contacts with the forum. *See Jack Henry & Assocs., Inc. v. Plano Encryption Techs. LLC*, 910 F.3d 1199, 1204-06 (Fed. Cir. 2018) (exercising jurisdiction over defendant that undertook a licensing program and threatened litigation against eleven banks within the forum, and defendant's only business was licensing and litigating its patents); *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1363-66 (Fed. Cir. 2006) (finding that defendant's granting of an exclusive license to a third party that regularly does business in the forum, along with sending cease-and-desist letters into the forum,

11

30 Watt next argues that the combination of Sipcaddy's cease-and-desist letter sent to 30 Watt in Minnesota along with Sipcaddy's sales and communications to Minnesota are sufficient minimum contacts under Eight Circuit precedent. The Court disagrees. The Eighth Circuit cases included in 30 Watt's brief involved out-of-state defendants that had forum contacts that were both more substantial and more closely related to the causes of action than are Sipcaddy's alleged Minnesota contacts. *See Watlow Elec. Mfg. Co. v. Patch Rubber Co.*, 838 F.2d 999, 1001-03 (8th Cir. 1988) (holding that jurisdiction was supported by combination of interstate communications into the forum, physical presence in the forum, and shipment of goods into the forum relating to the contract that gave rise to the litigation); *Dudley v. Dittmer*, 795 F.2d 669, 672 (8th Cir. 1986) (finding that defendant, who was president of a brokerage company, had purposefully availed himself of the forum when he made numerous phone calls to the brokerage firm's office located within the forum and had visited that office twice); *Precision Const. Co. v. J.A. Slattery Co., Inc.*, 765 F. 2d 114, 115-16, 119 (8th Cir. 1985) (directing district court to exercise jurisdiction over a nonresident defendant company that solicited orders from the forum, maintained offices and employees in the forum, and shipped products to the forum). These cases do not persuade the Court that exercising personal jurisdiction over Sipcaddy would comport with Sipcaddy's due process rights.

---

indicated that defendant purposefully availed itself of the forum); *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1361-62 (Fed. Cir. 2001) (finding that defendant's negotiations with plaintiff in the forum, which led to four license agreements, were sufficient "other activities"). The record does not suggest that Sipcaddy has similar contacts with Minnesota.

12

In sum, without additional contacts directed at Minnesota and related to 30 Watt's causes of action, Sipcaddy's cease-and-desist letter to 30 Watt is an insufficient minimum contact with Minnesota to subject it to specific personal jurisdiction in this forum.

      d. The *Calder* Effects Test and Sipcaddy's Activities with Amazon, Tooletries, and Urban Outfitters

The parties dispute how the *Calder* effects test applies to Sipcaddy's out-of-forum contacts with Amazon, Tooletries, and Urban Outfitters. According to 30 Watt, the "effects" of Sipcaddy's third-party enforcement actions, which it experienced in Minnesota, support the exercise of personal jurisdiction over Sipcaddy. Sipcaddy contends there are no legally relevant effects in Minnesota. For the following reasons, the Court agrees with Sipcaddy.

In cases involving intentional torts, the Supreme Court has recognized that when nonresident defendants act outside the forum state, the effects of defendant's actions felt in the forum state are relevant to specific jurisdiction. *Calder v. Jones,* 465 U.S. 783, 789-90 (1984). Under the Eighth Circuit's formulation of the *Calder* effects test, jurisdiction can arise out of defendant's actions if the conduct (1) was intentional, (2) was "uniquely or expressly" directed at the forum state, and (3) caused harm that the defendant knew would be suffered in the forum state. *Arden,* 614 F.3d at 796. The Court uses the *Calder* effects test "merely as an additional factor" in the minimum contacts analysis, and "absent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction." *Id.* at 796-97 (explaining that the Eighth Circuit Court of Appeals has "construe[d] the *Calder* effects test narrowly"). Additionally, the Supreme

13

Court has explained that "[r]egardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014).

30 Watt has not shown that Sipcaddy's third-party enforcement activities were "uniquely or expressly" directed at the forum state. Although Sipcaddy's complaints with Amazon and cease-and-desist letters to Tooletries and Urban Outfitters concerned 30 Watt's business, they did not compel those parties to take significant actions in Minnesota. Rather, the only alleged effect of those enforcement activities was that Amazon delisted certain 30 Watt products, causing 30 Watt to lose sales. Under *Walden* the fact that 30 Watt experienced that injury in Minnesota does not meaningfully connect Sipcaddy to Minnesota. *See* 571 U.S. at 290; *NexGen HBM, Inc. v. ListReports, Inc.*, 2017 WL 4040808, at *13-14 (D. Minn. Sept. 12, 2017) (applying *Walden*). Thus, although not analogous, [6] *Walden* casts doubt on whether Sipcaddy's enforcement activities were "expressly aimed" at Minnesota, when those activities were directed at third parties located outside of Minnesota, and the only alleged connection to the forum is that 30 Watt felt the effects of lost sales in Minnesota.

---

[6] The Court acknowledges that *Walden* is distinguishable from the present action. Unlike in *Walden*, here, Sipcaddy contacts with Minnesota go beyond the mere "unilateral activity" of the plaintiff. *See* 571 U.S. at 291. For example, Sipcaddy sent a cease-and-desist letter to 30 Watt in Minnesota—conduct that connected Sipcaddy to the forum to at least some extent. Moreover, unlike in *Walden*, some of the conduct underlying the dispute occurred in Minnesota, where 30 Watt conducted business operations relating to the Sipski and Sudski products at issue. The Court nevertheless finds the reasoning in *Walden* instructive with respect to Sipcaddy's third-party enforcement activities.

Second, 30 Watt contends that even if Sipcaddy's third-party enforcement activities were directed outside of Minnesota, their *purpose* was to interfere with 30 Watt's business in Minnesota. In support, 30 Watt notes that the Ninth and Tenth Circuits have held that third-party enforcement activities directed outside the forum, combined with a cease-and-desist letter sent into the forum, can form the basis for specific personal jurisdiction. *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1082 (10th Cir. 2008) and *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087-89 (9th Cir. 2000).

But neither *Dudnikov* nor *Bancroft* show how the *Calder* effects test applies here. While the Eighth Circuit has not addressed *Dudnikov* or *Bancroft* expressly, this Court doubts that applying the reasoning of *Dudnikov* and *Bancroft* here would align with the Eighth Circuit's "narrow" interpretation of the *Calder* effects test. *See Arden,* 614 F.3d at 797. Moreover, courts within this district have rejected arguments premised on *Dudnikov* and *Bancroft* in the contexts of declaratory judgment actions involving copyrights, *Envtl. Graphics*, No. CIV. 13-166, 2013 WL 3338779, at *5, and declaratory judgment actions involving patent rights, *Clim-A-Tech Indus., Inc. v. Ebert*, Civil No. 14-1496, 2015 WL 2195115, at *9 n.8 (D. Minn. May 11, 2015). Finally, the Court notes that *Dudnikov* and *Bancroft* conflict with Federal Circuit holdings that third-party enforcement activities only establish personal jurisdiction when the third-party activity occurs in the forum state. *See, e.g., Radio Sys.*, 638 F.3d at 792.

But even if the Court were to apply *Calder* liberally, 30 Watt has failed to show that Sipcaddy's enforcement activities directed to third parties outside the forum were

"expressly or uniquely" aimed at Minnesota. 30 Watt claims that Sipcaddy's acts were intended to "negatively affect" 30 Watt's "business operations that are squarely based in Minnesota." Pl.'s Resp. 14. But beyond causing 30 Watt to lose sales, 30 Watt has not alleged how Sipcaddy's acts were intended to interfere with 30 Watt's "business operations" *in Minnesota*. And 30 Watt's lost sales alone do not establish that Sipcaddy "expressly or uniquely" aimed its third-party enforcement activities at Minnesota. *Cf. RMC Publications, Inc. v. Doulos PM Training*, No. 07-CV-1138, 2007 WL 4287670, at *2 (D. Minn. Dec. 4, 2007) (contrasting "[m]onetary damage suffered by a corporation in one state as a result of activities in a different state" with the "reputational damage" at issue in *Calder* and concluding that the former "is not nearly so tied to the forum state and thus is not a basis for personal jurisdiction"). In sum, 30 Watt has failed to show that Sipcaddy's third-party enforcement activities were expressly aimed at Minnesota and the Court declines to consider the effects of those activities as jurisdictionally significant.

    e.   Summary of Sipcaddy's Contacts with Minnesota

Although Sipcaddy's cease-and-desist letter to 30 Watt and third-party enforcement activities are related to 30 Watt's causes of action, 30 Watt has not shown that they amount to sufficient minimum contacts. Sipcaddy's cease-and-desist letter to 30 Watt in Minnesota, without additional enforcement activity directed into Minnesota, do not alone confer jurisdiction over Sipcaddy in this action. And for the above reasons, Sipcaddy's third-party enforcement activities directed outside of the forum and their alleged effects inside the forum are not jurisdictionally significant. In sum, 30 Watt has

16

not shown that Sipcaddy has sufficient minimum contacts with Minnesota for this Court to exercise personal jurisdiction.

2. The Secondary Factors: The Interest of the Forum State and Convenience of the Parties

Under the Eighth Circuit's five-factor test for evaluating minimum contacts, the three primary factors are largely dispositive. *Pecoraro*, 340 F.3d at 562. However, there are two secondary factors that the Court must consider: the interest of the forum state in providing a forum for its residents and the convenience of the parties. *Id.*

Here, although these secondary factors weigh slightly in favor of exercising personal jurisdiction over Sipcaddy, they are not dispositive. First, Minnesota has some interest in providing a forum for 30 Watt, which is a Minnesota corporation. Second, the "convenience of the parties" factor weighs slightly in favor of exercising personal jurisdiction. Litigating the co-pending suit in the Eastern District of Michigan would be less convenient than litigating this suit, on balance, because neither of the named parties reside within the Eastern District of Michigan (other than possibly Sipcaddy's attorneys). In contrast, litigating this action in Minnesota would be more convenient for 30 Watt, which is a Minnesota corporation. These considerations, though, are not dispositive and do not outweigh the Court's finding that Sipcaddy lacks sufficient minimum contacts with Minnesota.

3. Remaining Claims as to Sipcaddy

The Court need not analyze whether it has separate jurisdiction over 30 Watt's remaining claims. Counts Two through Seven in 30 Watt's Complaint depend on 30

17

Watt's declaratory judgment claim in Count One. Specifically, if 30 Watt's use of the term "shower beer" violated Sipcaddy's trademark rights, then Sipcaddy's disputed enforcement efforts would potentially be justified. *See Envtl. Graphics*, No. CIV. 13-166, 2013 WL 3338779, at *6.

4. Claims as to "Does 1 through 10"

The Court also dismisses 30 Watt's claims as to the Doe defendants. 30 Watt alleges that Does 1 through 10 are the "agents, employees, servants, consultants, principals, employers or masters of each of their Co-Defendants" and that the Doe Defendants are "responsible in some manner for the acts and/or omissions" alleged in the Complaint. An action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (citing *Munz v. Parr,* 758 F.2d 1254 (8th Cir.1985)). Here, 30 Watt has not made specific allegations as to any Doe defendant suggesting that such defendants could be identified as a person subject to jurisdiction in Minnesota. The Court therefore finds dismissal appropriate as to these fictitious defendants.

## CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Defendant Sipcaddy's Motion to Dismiss Plaintiff 30 Watt's Complaint for Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2), ECF No. 13, is GRANTED.

2. This action is DISMISSED WITHOUT PREJUDICE as to Defendants Sipcaddy and DOES 1 through 10.

LET JUDGMENT BE ENTERED ACCORDINGLY

Dated: June 14, 2019                                         s/Joan N. Ericksen
                                                            JOAN N. ERICKSEN
                                                            United States District Judge